*United States ex rel. TZAC v. Christian Aid*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand twenty-two.

PRESENT:

> AMALYA L. KEARSE,
> SUSAN L. CARNEY,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA EX REL. TZAC, INC.,

> *Plaintiff-Appellant,*

> v.                                                     No. 21-1542

CHRISTIAN AID,

> *Defendant-Appellee.*[*]

_____

FOR APPELLANT:                          DAVID ABRAMS, Attorney at Law, New York, NY.

_____

[*] The Clerk of Court is directed to amend the official caption as set forth above.

FOR APPELLEE:                          HARRY SANDICK (Hyatt M. Howard, *on the brief*), Patterson Belknap Webb & Tyler LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on June 10, 2021, is **AFFIRMED**.

Plaintiff-Appellant and *qui tam* relator The Zionist Advocacy Center ("TZAC") appeals from a judgment of the United States District Court for the Southern District of New York dismissing its action brought under the False Claims Act, 31 U.S.C. § 3729 *et seq.*[1] *See United States ex rel. TZAC, Inc., v. Christian Aid*, No. 17-cv-4135, 2021 WL 2354985 (S.D.N.Y. June 9, 2021). TZAC alleges in its amended complaint that Defendant-Appellee Christian Aid, an organization based in the United Kingdom, submitted false certifications to the United States government in order to obtain funding from the United States Agency for International Development ("USAID"). According to TZAC, Christian Aid certified to USAID in 2016 and 2017 that it had not provided material support for terrorism even though it earlier sponsored a vocational training class that was taught by an arm of a foreign terrorist organization. In its June 9, 2021 order, the district court granted Christian Aid's motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction. On review, we conclude that the district court correctly determined that TZAC failed to make a prima facie showing of the court's personal jurisdiction over Christian Aid. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

This Court reviews "a district court's dismissal of an action for want of personal jurisdiction *de novo*, construing all pleadings and affidavits in the light most favorable to the

---

[1] The United States declined to intervene in the proceeding. *See United States ex rel. TZAC, Inc., v. Christian Aid*, No. 17-cv-4135, 2021 WL 2354985, at *1 (S.D.N.Y. June 9, 2021).

plaintiff and resolving all doubts in the plaintiff's favor." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (internal quotation marks omitted). To exercise personal jurisdiction over a defendant, a district court must determine that the defendant was properly served, that there is a statutory basis for jurisdiction, and that "the exercise of personal jurisdiction . . . comport[s] with constitutional due process principles." *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 327 (2d Cir. 2016) (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59–60 (2d Cir. 2012)). Here, the district court concluded that the first two requirements were met, but that the third was not: it determined that subjecting Christian Aid to personal jurisdiction in the United States would be inconsistent with constitutional requirements of due process. *See TZAC*, 2021 WL 2354985, at *4. The sole question before us is whether the district court erred in its due process analysis.

The due process analysis requires courts to ask two questions: "whether a defendant has sufficient minimum contacts with the forum to justify the court's exercise of personal jurisdiction over the defendant," and "whether the assertion of personal jurisdiction over the defendant comports with 'traditional notions of fair play and substantial justice' under the circumstances of the particular case." *Waldman*, 835 F.3d at 331 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014)). The proper exercise of a court's specific jurisdiction—the type of jurisdiction at issue in this appeal[2]—"depends on an affiliation between the forum and the underlying controversy." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal brackets and quotation marks omitted). In other words, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). This connection cannot be merely fortuitous; instead, "the defendant" must have "'purposefully avail[ed] itself of the privilege of conducting activities within the forum State," *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 877 (2011) (plurality opinion) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)), or have

---

[2] In a determination that TZAC does not challenge on appeal, the district court concluded that Christian Aid was not subject to the court's general jurisdiction after reviewing Christian Aid's contacts with the United States that are unrelated to the present lawsuit. *See TZAC*, 2021 WL 2354985, at *4.

"purposefully directed [its action] toward the forum State,"[3] *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 112 (1987) (plurality opinion).

TZAC contends that Christian Aid's acts of applying for and contracting with the United States government to obtain USAID funding are sufficient contacts with the United States to justify the exercise of personal jurisdiction in this action. At oral argument of this appeal, TZAC's counsel stated that TZAC is "really asking for a bright line rule here, that if someone applies to the United States for money, that should be seen as minimum contacts that's a sufficient basis for personal jurisdiction for anything arising from that application." Oral Arg. at 1:01–1:25. We reject this request, which is contrary to the principles described above. Further, the Supreme Court's decision in *Burger King*, on which TZAC primarily relies, rejected the proposition that the mere existence of a contract between parties in different jurisdictions constitutes sufficient minimum contact for the complaining party to assert personal jurisdiction over the other in the plaintiff's home jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot." (emphasis in original)); *Walden*, 571 U.S. at 285 (the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there").

Although it would not be unusual for a party contracting with the United States government to develop contacts with the United States as the relevant forum, the problem for TZAC is that its complaint alleges no such contract-related contacts. According to the complaint, the USAID certifications were signed in United Kingdom and Kenya, Christian

---

[3] On appeal, neither party challenges the district court's determination that the applicable due process inquiry is guided by the Fifth Amendment, rather than the Fourteenth Amendment. The standard applied under the Fifth Amendment "is basically the same" as that applied under the Fourteenth Amendment: the principal difference is "that under the Fifth Amendment[,] the court can consider the defendant's contacts throughout the United States" rather than being limited to considering its contacts with a single state. *Waldman*, 835 F.3d at 330 (quoting *Chew v. Dietrich*, 143 F.3d 24, 28 n.4 (2d Cir. 1998)).

4

Aid spent the USAID funding outside of the United States, and the vocational class Christian Aid sponsored was held in Lebanon. The complaint does not allege that any effects of Christian Aid's purportedly false certification were directed at, or even felt in, the forum of the United States. *Cf. Waldman*, 835 F.3d at 339–340, n.13 (effects of overseas terrorist attacks that killed U.S. citizen victims are not purposefully directed at the United States itself, even if carried out by group designated as a foreign terrorist organization by the United States). And, although a clause in the USAID certification form advised generally that "the United States will have the right to seek judicial enforcement of these assurances," nothing about this provision suggests an agreement or understanding that such "judicial enforcement" would necessarily occur in the United States. App'x at 33. In fact, the contract between USAID and Christian Aid is tellingly silent as to the governing law and forum for resolving disputes.

TZAC gives us no basis to hold as it urges, contrary to *Burger King* and *Walden*, that the act of entering into a contract with the United States government, alone, suffices to subject the contracting party to personal jurisdiction in the United States. Thus, in the absence of any plausible allegations that Christian Aid "purposefully availed itself of the privilege of conducting activities within the forum" or "purposefully directed its conduct into the forum," we conclude that the exercise of personal jurisdiction over Christian Aid would not comport with due process. *U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 150 (2d Cir. 2019) (internal quotation marks omitted).

We have considered TZAC's remaining arguments and find in them no basis for reversal. The judgment of the district court is therefore **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

5